# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ROCKLIN J. ASH,<br>        Appellant, | DOCKET NUMBER<br>CH-0845-20-0557-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>        Agency. | DATE: June 24, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Rocklin J. Ash, Hanover, Indiana, pro se.

Michael Shipley, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) disability annuity overpayment appeal for lack of jurisdiction after the Office of Personnel Management (OPM) rescinded its final decision. On petition for review, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant argues that the Board retains jurisdiction because OPM has not restored him to the status quo ante.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant separated from Federal employment effective April 30, 2018. Initial Appeal File (IAF), Tab 3 at 1.  According to OPM, the Social Security Administration approved the appellant for Social Security Disability Insurance (SSDI) benefits, effective June 1, 2017. *Id*.  OPM approved the appellant's application for FERS disability retirement on September 18, 2018, with his annuity commencing January 10, 2018.  *Id*.  Subsequently, OPM notified the appellant that, because his annuity payments had not been adjusted to account for the offset of his SSDI benefits, he had received an overpayment of his disability retirement annuity in the amount of $37,583.90 from January 10, 2018, through January 30, 2020.  *Id*.  OPM further informed the appellant that it had already collected $533.10 and, therefore, his remaining balance was $37,050.80.  *Id*. at 2.

The appellant requested reconsideration.  IAF, Tab 1 at 25-26, Tab 3 at 2. He argued that the overpayment was offset by "8 months of retirement pay" he believed he was owed, and requested waiver of the overpayment due to financial hardship.  IAF, Tab 1 at 25-26.  He also offered a compromise payment of $3,784.00.  *Id*. at 26-27.  In June 2020, OPM denied the appellant's offer of a compromise.  *Id*. at 27.  In July 2020, OPM issued a final decision affirming its initial decision, denying his waiver request, and adjusting the repayment schedule to installments of $160.00.  IAF, Tab 3 at 1, 3-4.  The decision informed the appellant that he must file his appeal with the Board within 30 calendar days from the date of the letter, or from receipt of the letter, whichever was later.  *Id*. at 4.

The appellant filed the instant Board appeal challenging the final decision and again requesting a compromise on the overpayment.  IAF, Tab 1 at 3.  OPM did not file its response to the appeal as ordered by the administrative judge and required by Board regulations.  IAF, Tab 2 at 7, Tabs 4-5, 10; *see* 5 C.F.R. § 1201.22(a)-(b)(1) (requiring an agency's response to an appeal to be filed within 20 days of the date of the acknowledgment order).  Instead it rescinded its July 2020 final decision and moved to dismiss the appeal.  IAF, Tab 12 at 4.  Five days later, before the appellant responded to OPM's motion, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction based on OPM's rescission of its final decision.  IAF, Tab 13, Initial Decision (ID) at 1, 3.

The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  In his petition for review, he argues that OPM did not fully rescind its final decision because they continue to collect the overpayment debt.  *Id*. at 4.  OPM has responded acknowledging that it prematurely collected $480.00 of the overpayment from November 2020 through January 2021.  PFR File, Tab 4 at 4-5.  It argues that, nevertheless, the appellant has been restored to the status quo ante and submits evidence demonstrating that it has ceased collection of the overpayment and completed action to refund $480.00 to the appellant by February 1, 2021.  *Id*. at 5-6.  The appellant has not replied.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge erred in determining that the Board lacks jurisdiction over this retirement appeal.

On review, the appellant argues that OPM did not fully rescind the final decision because OPM continues to collect the overpayment debt and, therefore, he has not been restored to the status quo ante.  PFR File, Tab 1 at 5.  The administrative judge found that OPM's rescission of its final decision divested the Board of jurisdiction over the appeal.  ID at 1, 3.

The administrative judge did not provide the appellant with an opportunity to show cause why his appeal should not be dismissed. Specifically, as discussed below, he did not provide the pro se appellant with notice that he could prove the Board retained jurisdiction over OPM's rescinded final decision based on its failure to place him in status quo ante. An appellant must receive explicit information on what is required to establish an appealable jurisdictional issue. *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed.Cir.1985). This information also did not appear in OPM's motion to dismiss or the initial decision. IAF, Tabs 2, 12; ID. Here, OPM acknowledged in its final decision that it had already withheld $533.10 towards the overpayment debt.[1] IAF, Tab 3 at 2. Despite OPM's statements below, the administrative judge dismissed the appeal without providing the appellant the full 10 days to respond to the agency's motion to dismiss, as he stated he would in the acknowledgment and order.[2] IAF, Tab 2 at 4. This was error.

The Board has held that, if OPM completely rescinds a reconsideration decision, the rescission divests the Board of jurisdiction over the appeal in which the reconsideration decision is at issue, and the appeal must be dismissed. *Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶ 8 (2013). However, if OPM does not restore the appellant to the status quo ante, the reconsideration decision has not been rescinded, and the appeal remains within the Board's jurisdiction. *Id.*, ¶ 10. Status quo ante means placing the injured party, as nearly as possible, in the position he would have held had the agency not taken its action. *Campbell v. Office of Personnel Management*, 123 M.S.P.R. 240, ¶ 7

---

[1] Further, on review, OPM concedes that it continued to withhold money from the appellant during the pendency of the appeal. PFR File, Tab 4 at 4-5. Although the agency indicates it has taken steps to refund the money, it has not followed up with certification that the appellant received this refund. *Id.* at 5-6.

[2] The case was reassigned to the administrative judge in November 2017. IAF, Tab 9. For the sake of clarity, we have not distinguished between those actions taken by the originally assigned administrative judge and the administrative judge who issued the initial decision.

(2016). Thus, to rescind a final overpayment decision, OPM must, among other things, refund any money that it already collected from the appellant to recoup the alleged overpayment. *Id*., ¶ 8.

We disagree with the administrative judge that OPM's rescission of the final decision divests the Board of jurisdiction here because OPM has not returned the appellant to the status quo ante. According to OPM, prior to issuing the final decision, OPM collected $533.10 from the appellant towards the overpayment debt. IAF, Tab 3 at 2. Additionally, in OPM's reply to the petition for review, it acknowledges that it continued to collect $480.00 between November 2020 and January 2021, including after OPM had purportedly rescinded the final decision. PFR File, Tab 4 at 4-5. Although OPM has presented evidence that it has ceased collection and completed actions to refund $480.00 to the appellant, it has not indicated if it will also refund the $533.10 it collected prior to issuance of the final decision in order to fully restore the appellant to the status quo ante. *Id*. at 5-6; *see Campbell*, 123 M.S.P.R. 240, ¶ 10 (finding complete rescission of the final decision and a return to the status quo ante requires OPM to refund the money withheld from an annuity to repay an overpayment). Because the appellant has not been restored to the status quo ante, we find that OPM has not rescinded its final decision, and that the appeal remains within the Board's jurisdiction.

In his petition for review, the appellant attached a December 2020 letter from the Department of the Treasury stating that it collected payment from the appellant and applied it to a debt that he owed the Defense Finance and Accounting Services. PFR File, Tab 1 at 6. The appellant has not provided any explanations as to the document's relevance to the instant appeal involving an annuity overpayment debt owed to OPM. This evidence is not relevant to the jurisdictional issue before us. It is not from OPM, does not involve a debt to OPM, and does not contain the OPM retirement claim number associated with the

annuity at issue in this appeal (i.e., CSA 8897686). *Id*. Therefore, we have not considered it further here.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.